**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                          )
SURABIAN REALTY CO., INC. and             )
MAJA HOSPITALITY CORPORATION              )
                                          )
            Plaintiffs                    )
                                          )
v.                                        )        **CIVIL ACTION**
                                          )        **NO. 16-40073-TSH**
CUNA MUTUAL GROUP and                     )
CUMIS INSURANCE SOCIETY, INC.             )
                                          )
            Defendants                    )
and                                       )
                                          )
DAVID L'ECUYER                            )
                                          )
            Rule 19 Party                 )
_____)

**MEMORANDUM OF DECISION AND ORDER ON**
**ASSENTED TO MOTION TO DISMISS RULE 19 PARTY DEFENDANT**
**March 28, 2017**

**Introduction**

Plaintiff Surabian Realty Co. and Maja Hospitality ("Plaintiffs") assert a single claim against CUNA Mutual Group and CUMIS Insurance Society ("Defendants") and David A. L'Ecuyer ("Rule 19 Party" or "Mr. L'Ecuyer") for unfair settlement practices pursuant to Mass. Gen. L. c.176D and Mass. Gen. L. c.93A. This Order addresses Defendants' and Rule 19 Party's Assented to Motion to Dismiss Rule 19 Party Defendant (Docket No. 4). For the reasons set forth below, the motion is *denied*.

1

**Procedural and Factual Background**

On May 2, 2016, the plaintiffs, Surabian Realty Co., Inc. ("Surabian") and Maja Hospitality Corporation ("Maja") (collectively, "Plaintiffs") filed a Complaint and Demand for Jury Trial (the "Complaint") in Worcester Superior Court (Docket No. 16-85CV00638). In the Complaint, Plaintiffs name the following defendants: 1) "CUNA Mutual Group"; 2) CUMIS Insurance Society, Inc.; and 3) David A. L'Ecuyer as a Rule 19 defendant. According to Plaintiffs, Mr. L'Ecuyer is a necessary party under Massachusetts Rule of Civil Procedure 19(a) because this case, "upon adjudication, may have a preclusive effect on certain rights, duties, and obligations between him and the Defendants." The case arises from a judgment previously obtained against Mr. L'Ecuyer for negligent misrepresentation in Worcester Superior Court on or about May 13, 2015. That judgment is currently on appeal before the Massachusetts Appeals Court.

Plaintiffs allege that Defendants failed to offer a timely and reasonable settlement offer for the judgment against Mr. L'Ecuyer. Plaintiffs further allege that liability against Mr. L'Ecuyer is reasonably clear (notwithstanding the pending appeal), that Defendants deliberately offered a low and unfair settlement amount in order to force an unfair and unreasonably low settlement, and have caused the action to be appealed without adequate grounds to do so. On April 11, 2016, Plaintiffs submitted to CUMIS a "written demand for relief" pursuant to Mass. Gen. L. c. 93A, Sections 2 and 9 that outlined the basis for Plaintiffs' beliefs that CUMIS had violated Mass. Gen. L. c. 176D. In response to Plaintiffs demand for relief, on or about April 21, 2016 CUMIS refused to discuss any settlement of the judgment against Mr. L'Ecuyer and offered a settlement on behalf of all Defendants at a level that was less than favorable to the Plaintiffs. Furthermore, CUMIS stated in its response that it was representing Mr. L'Ecuyer in

the Worcester Superior Court case under a reservation of rights. On May 2, 2016, Plaintiff filed the Complaint for a single count for violation of Mass. Gen. L. c 176D and 93A against Defendants and added Mr. L'Ecuyer as a Rule 19 party. Defendants filed a notice of removal on June 13, 2016.

**Discussion**

*Fraudulent Joinder*

A plaintiff may not impede a defendant's right of removal by fraudulently joining a non-diverse defendant who has no real connection to the case. *See Universal Truck & Equip. Co. v. Southworth–Milton, Inc.,* 765 F.3d 103, 108 (1st Cir. 2014); *Mills v. Allegiance Healthcare Corp.,* 178 F.Supp.2d 1,4 (D.Mass. 2001). "The linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact." *Mills,* 178 F.Supp.2d at 4. Defendants, as the party seeking removal, bear the burden of demonstrating by clear and convincing evidence "either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." *Id.* at 5 (adopting the Second Circuit test articulated in *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 207 (2nd Cir. 2001) and quoting *Whitaker* ); *see In re New Eng. Mut. Life Ins. Co. Sales Practices Litigation,* 324 F.Supp.2d 288, 298 (D.Mass. 2004) (recognizing use of *Whitaker* test by judges in this district); *see also Universal Truck,* 765 F.3d at 108 (observing that "the First Circuit has not addressed the question" and that "it is generally recognized that, under the doctrine of fraudulent joinder, removal is not defeated by the joinder of a non-diverse defendant where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant").

In assessing a claim of fraudulent joinder, the Court is not bound by the allegations in the complaint, and may consider affidavits and other materials that bear on the question of whether there is a reasonable basis for joinder of a defendant. *Mills,* 178 F.Supp.2d at 6; *see also Badon v. RJR Nabisco Inc.,* 236 F.3d 282, 285 n.3 (5th Cir. 2000) (considering "undisputed summary judgment type evidence" when determining whether any reasonable possibility of recovery under state law existed); *Antony v. Duty Free Americas, Inc.,* 705 F.Supp.2d 112, 115 (D.Mass. 2010) ("[T]he fraudulent joinder doctrine provides an exception to the general rule prohibiting courts from considering evidence extrinsic to the facts in the complaint." (citing *Mills,* 178 F.Supp.2d at 6)). In determining whether a plaintiff has the possibility of recovery against a defendant, the court is to resolve all disputed issues of fact and ambiguities of law in favor of the non-removing party. *Fabiano Shoe Co., Inc. v. Black Diamond Equipment, Ltd.,* 41 F.Supp.2d 70, 71–72 (D.Mass. 1999).

Defendants' primary argument is that Mr. L'Ecuyer was joined as a party solely to defeat diversity jurisdiction. Defendants further contend that, because Mr. L'Ecuyer is not in the business of insurance, those claims under Massachusetts law regarding insurance settlements must fail. Here, Plaintiffs also allege facts that involve the duties and obligations of Mr. L'Ecuyer, CUMIS's reservation of rights with regard to his entitlement to coverage, and whether Plaintiffs are entitled to either the jury award or a settlement in their favor. Accordingly, since the Plaintiffs' allegations show that joinder of Mr. L'Ecuyer has a reasonable basis in law and fact, *Mills*, 178 F. Supp.2d at 6, and Mr. L'Ecuyer has "a real connection to the case," *Universal Truck,* 765 F.3d at 108, the joinder of Mr. L'Ecuyer is not fraudulent.

*Realigning the Parties*

Defendants argue, in the alternative, that Mr. L'Ecuyer suggests that the Court should not be bound by the way the parties are formally aligned in the pleadings and instead must realign the Mr. L'Ecuyer with Plaintiffs so that the parties with the same "ultimate interests" in the outcome are on the same side. *Landmark Bank v. Machera*, 736 F. Supp. 375, 378 (D.Mass. 1990). This realignment would also result in complete diversity of the parties. To determine whether realignment of parties is proper, the Court must determine the primary and controlling matter in dispute, and then whether an actual collision of interests remains. *U.S.I. Properties Corp. v. M.D. Construction Co., Inc.*, 860 F.2d 1, 4 (1st Cir. 1988), *citing Indianapolis v. Chase National Bank*, 314 U.S. 63, 72, 62 S.Ct. 15, 18-19 (1941).

Defendants' support for this argument is fundamentally flawed. Defendants contend that if CUMIS committed unfair business practices in the state court action by not satisfying the judgment against Mr. L'Ecuyer, his interests must therefore be aligned with the Plaintiffs. That both Mr. L'Ecuyer as the insured and Plaintiffs have interests adverse to CUMIS does not assume then that they share ultimate interests. Plaintiffs' interest is to obtain a prompt and reasonable settlement against CUMIS. Mr. L'Ecuyer's interests, presumably, are to maximize his coverage in an attempt to minimize his losses. Accordingly, there is a collision of interests between Plaintiffs and Mr. L'Ecuyer and realignment is not warranted.

## **Conclusion**

For the foregoing reasons, Defendants' Assented to Motion to Dismiss Rule 19 Party Defendant (Docket No. 4) is **denied.** Because joinder of Mr. L'Ecuyer is not fraudulent and realignment is not proper, complete diversity does not exist. Accordingly, the Court lacks subject

matter jurisdiction over this case and orders that the case be remanded to the Worcester Superior Court.

**SO ORDERED**.

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**